United States District Court
Southern District of Texas
**ENTERED**
November 17, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JAMES RAY ELDRETH, | § | CIVIL ACTION NUMBER |
| Plaintiff, | § | 4:26-cv-02883 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| CITY OF HOUSTON, *et al*, | § | |
| Defendants. | § | |

**ORDER ADOPTING**
**REPORT AND RECOMMENDATION**

Plaintiff James Eldreth proceeds here *pro se*. He asserts claims under 42 USC § 1983 against certain named officers of the Houston Police Department and a claim for *Monell* liability against the City of Houston for an allegedly unlawful arrest in violation of the Fourth Amendment. Dkt 4 at ¶¶77–91. The matter was referred for disposition to Magistrate Judge Dena H. Palermo. Dkt 3.

Plaintiff filed this action on April 10, 2026. On July 9th, he moved for an emergency extension of the time to serve Defendants. Dkt 9. On July 27th, he was granted a thirty-day extension to serve Defendants and file proof of service, with notice that "failure to file proof of service" would result in dismissal of unserved Defendants. Dkt 12 at 2.

On August 26th, Plaintiff moved for substitute service on Officers AC Espinal and MJ Alvarado. Dkt 18. He attempted to use his daughter to serve Defendants in this case and failed to present evidence that she was authorized to serve the complaint and summons. Dkt 19. The motion for substitute service was denied. Dkt 20 at 4.

Given the above, Judge Palermo recommends that the action be dismissed without prejudice for failure to timely

effect service as required by Rule 4(m) of the Federal Rules of Civil Procedure. Dkt 20 at 4–5.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC §636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed timely objections, generally contending that dismissal was improper where lesser remedies were available. Dkt 23. He acknowledges that dismissal is permitted in this circumstance. Id at 5. But he contends that, because limitations would likely bar refiling, a dismissal under Rule 4(m) is inappropriate. Id at 9.

Upon *de novo* review and determination, Plaintiff's objections lack merit. Judge Palermo considered and rejected this argument, correctly observing that Plaintiff's deadline to serve Defendants was extended and Plaintiff still failed to demonstrate proper service. Dkt 20 at 4. As such, she correctly determined that the only alternative to further extension was dismissal without prejudice under Rule 4(m). Ibid. The consequence of such dismissal is simply a function of Plaintiff's own failure to timely litigate this case, which itself coincides with the policy behind statutes of limitation.

The objections to the Report and Recommendation of the Magistrate Judge are OVERRULED. Dkt 23.

No clear error otherwise appears upon review and consideration of the Report and Recommendation, the record, and the applicable law.

The Report and Recommendation of the Magistrate Judge is ADOPTED as the Report and Order of this Court. Dkt 20.

Any other pending motions are DENIED AS MOOT.

This case is DISMISSED WITHOUT PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on November 17, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge